UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------

TEAM OBSOLETE Ltd., TEAM
OBSOLETE PRODUCTS, Ltd., TEAM
OBSOLETE PROMOTIONS INC. NEW
YORK CORPORATIONS, ROBERT T.
IANNUCCI, JIM REDMAN, RICK VESCO
as Executor of the Estate of Don Vesco,
DAVE ROPER, LON MCCROSKEY, M.D.,
ERIK GREEN and JOHN KAIN,

              Plaintiffs,

    v.

A.H.R.M.A. Ltd. and AMERICAN
MOTORCYCLIST ASSOCIATION, INC.,

             Defendants.

-----------------------------------------------------

MEMORANDUM
AND ORDER

01-CV-1574 (ILG)

GLASSER, United States Senior District Judge

## INTRODUCTION

Westerman Ball Ederer Miller & Sharfstein, LLP ("Westerman Ball"), counsel for defendants A.H.M.R.A. Ltd. and certain individual representatives of A.H.R.M.A. Ltd. (collectively, "AHRMA") in this antitrust action, has moved by order to show cause dated October 11, 2006, to withdraw from its representation of AHRMA in this matter. The motion is supported by the Affidavit of Greg S. Zucker, Esq., in Support of Motion to Withdraw as Counsel to AHRMA ("Zucker Affidavit"), dated October 10, 2006, which was filed under seal pursuant to an order of this court. Plaintiffs' counsel has requested that the court unseal the Zucker Affidavit, so that the plaintiffs may be informed as to the basis for the motion to withdraw. The court has reviewed the Zucker Affidavit in

1

camera and has determined that the confidential information it contains pertains only to the attorney-client relationship between Westerman Ball and AHRMA, and does not implicate the plaintiffs' interests in this litigation. The plaintiffs are hereby informed, however, as the relevant case law indicates they should be, that the basis for Westerman Ball's motion to withdraw is a dispute regarding AHRMA's failure to pay its legal bills. Because the plaintiffs have no legitimate interest in learning the specifics of this dispute, and because the Zucker Affidavit clearly establishes the propriety of Westerman Ball's withdrawal from its representation of AHRMA, the plaintiffs' request to unseal the Zucker Affidavit is denied, and Westerman Ball's request to withdraw as counsel is granted.

## **DISCUSSION**

The decision to unseal a document filed under seal is a matter left to the district court's discretion. See, e.g., Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 n. 3 (9th Cir. 2006) ("We review for abuse of discretion… the decision to unseal the judicial record."); Matter of Application and Affidavit for a Search Warrant, 923 F.2d 324 (4th Cir. 1991) ("We therefore review the district court's decision whether to grant access to or to seal the document under an abuse of discretion standard."). A review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts. See, e.g., Weinberger v. Provident Life & Cas. Ins. Co., No. 97-cv-9262, 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("it is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in

order to prevent a party from being prejudiced by the application of counsel to withdraw."); Harrison Conference Servs., Inc. v. Dolce Conference Servs., Inc., 806 F. Supp. 23 (E.D.N.Y. 1992).[1]  In Harrison, the plaintiff's counsel, LeBoeuf, Lamb, Leiby & MacRae ("LeBoeuf") sought to withdraw from representation due to a dispute regarding the plaintiff's unpaid legal bills, and submitted a number of documents in support of that motion for in camera review, to which the defendants objected.  Judge Nickerson noted that the defendants "have been told that [the application for withdrawal] involves a fee dispute... [but] they have not received any of the affidavits, memoranda, or substantive letters."  806 F. Supp. at 25.  The court rejected the defendants' argument that they had an "interest" in the outcome of the fee dispute between LeBoeuf and the plaintiffs, and noted that "[h]aving reviewed these submissions, the court cannot see how defendants would be prejudiced by them."  Id.  The Harrison court concluded that "LeBoeuf and plaintiff properly submitted their papers in camera.  Defendants are not entitled to a more complete description of this dispute, or a briefing schedule which will permit them to respond further."  Id. at 26.

In this case, the court is satisfied that, like LeBoeuf in Harrison, Westerman Ball has demonstrated a sound basis for withdrawal, and that the plaintiffs are not entitled to respond further.  It is well-settled as a general matter that a client's inability or refusal to pay can constitute a valid ground for withdrawal from representation.  Local Civil Rule

---

[1] See also Payer v. The SGL Carbon, LLC, No. 05-cv-226(E)(F), 2006 WL 2714190, at *1 n. 4 (W.D.N.Y. September 22, 2006) (slip copy) (discussing motion to withdraw as counsel which was filed under seal "for obvious reasons"); Patterson v. CBS, Inc., No. 94-cv-2562, 1996 WL 724697 (S.D.N.Y. Dec. 16, 1996) (Eaton, Mag.).  In Patterson, the plaintiff's counsel moved to withdraw, and submitted a memorandum of law and affidavit in support of that motion under seal, which the defendant, CBS, requested be unsealed.  Magistrate Judge Eaton denied CBS's request "simply because I find that CBS has no legitimate reason to learn the particulars of the dispute between [plaintiff's counsel] and its client."  Id. at *1.

1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York states that

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case including its position, if any, on the calendar. [2]

Courts have long recognized that a client's continued refusal to pay legal fees constitutes a "satisfactory reason" for withdrawal under Local Rule 1.4. See, e.g., Federal Home Loan Mortgage Corp. v. 41-50 78th St. Corp., No. 92-cv-5692, 1997 WL 177862 (E.D.N.Y. April 4, 1997) (Glasser, J.) (hereinafter "FHLMC"); HCC, Inc. v. R H & M Machine Co., No. 96-cv-4920, 1998 WL 411313, at *1 (S.D.N.Y. July 20, 1998) (Leisure, J.) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw."); Kolacek v. Gemexco Trading, Inc., No. 90-cv-5760, 1992 WL 14991, at *1 (S.D.N.Y. Jan. 23, 1992) ("A client's refusal to pay his attorney is also a sufficient reason for permitting the attorney to withdraw."); Hallmark Capital Corp. v. Red Rose Collection, Inc., No. 96-cv-2839, 1997 WL 661164, at *2 (S.D.N.Y. Oct. 21, 1997) (Peck, Mag.) ("It is well-settled that non-payment of fees is a valid basis for the Court to grant counsel's motion to withdraw...." (citation omitted)). Moreover, the New York Code of Professional Responsibility permits an attorney to withdraw from representation in situations where, inter alia, the client "[d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees," or where "[t]he lawyer's client knowingly and freely assents to termination of the employment." Disciplinary

---

[2] The Local Rules are available online at http://www.nyed.uscourts.gov/localrules.pdf.

Rule 2-110, 22 N.Y.C.R.R. § 1200.15(C)(1)(f), (5).

This court faced a situation quite similar to that presented in the instant matter in FHLMC, where it noted that "under circumstances… where a client has deliberately disregarded its obligation to pay attorney's fees, it is appropriate to permit a motion to withdraw." 1997 WL 177862, at *4. The court held that "because permitting [defense counsel] to withdraw will not prejudice [the defendant] unduly, because the motion is unopposed and because [defense counsel's] longstanding unpaid representation of [defendant] has become a severe financial hardship to the firm, [defense counsel's] motion to withdraw as counsel will be granted." Id. The present situation, as described in the Zucker Affidavit, contains all of the factors that this court recognized as relevant to its holding that the defense counsel's withdrawal from representation in FHLMC was appropriate. Thus, Westerman Ball is entitled to withdraw as counsel.

## CONCLUSION

Plaintiffs' request to unseal the Zucker Affidavit is hereby DENIED, and Westerman Ball's motion to withdraw as counsel is hereby GRANTED. This action shall be stayed for 30 days from the date of this order, so as to permit AHRMA to acquire new counsel.

SO ORDERED.

Dated:   Brooklyn, New York
         December 11, 2006

_____/s/_____

I. Leo Glasser

United States Senior District Judge

Copies of the foregoing memorandum and order were electronically sent to:

5

Peter J. Tomao
Law Office of Peter J. Tomao
226 Seventh Street
Suite 302
Garden City, NY 11530

Steven J. Harfenist
Friedman, Harfenist, Langer & Kraut
3000 Marcus Avenue, Suit 2E1
Lake Success, NY 11042

Gary B. Port
Law Office of Gary Port
99 Tulip Avenue, Suite 304
Floral Park, NY 11001

Greg S. Zucker
Westerman, Ball, Ederer, Miller & Scharfstein, LLP
170 Old Country Road
Fourth Floor
Mineola, NY 11501

Brian L. Sullivan
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

Piero Anders Tozzi
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166

Timothy J. Owens
Christensen & Christensen
401 Front Street
Columbus, Oh 43215-2249

Lilian A. Morvay
Milber Makris Plousadis & Seiden, LLP
108 Corporate Park Drive
Suite 200
White Plains, NY 10604